## Compton Bond & Mortgage Company v. Barbourville Graded School District No. 1, et al.

(Decided January 6, 1916.)

### Appeal from Knox Circuit Court.

1. Contracts—Contract to Purchase Bonds.—One who contracts to buy a definite amount of bonds cannot be forced to buy a less amount at the contract price when the seller is unable to deliver the full amount contracted for.

2. Contracts—Deposit of Money—Forfeiture.—Money deposited to be forfeited upon condition one party shall fail to carry out his con-

tract, is not forfeited when said party's failure results from inability of the other party to perform his part of the contract.

BLACK, BLACK & OWENS for appellant.

DISHMAN, TINSLEY & DISHMAN and J. N. ROBINSON for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

On the 30th day of December, 1911, the trustees of the Barbourville Graded School District ordered an election to be held on February 2, 1912, for the purpose of taking the sense of the voters of said district as to whether an indebtedness should be incurred not to exceed the constitutional limitation for the purpose of providing a new school house, furniture and apparatus.

Notices and advertisements of the election stated the purpose of the proposed indebtedness to be the erection of a new school building, no reference being made to the furniture or apparatus.

At the election held on February 2nd, pursuant to the advertisements, there was propounded to each voter the following: "Are you in favor of the issue of bonds by the trustees of the graded common school of this district for the purpose of erecting a new school building for said district and providing suitable furniture and apparatus for said district?" One hundred and eighty-three votes were cast in favor of the indebtedness, and seventy against it. On February 20th the trustees of the district by order authorized the district to borrow $17,500.00 for the purpose of providing a new building, furniture and apparatus, and directed that advertisement be made for bids for the $17,500.00 of bonds to be sold for this purpose on March 23, 1912. Advertisements were made in pursuance of this order for written bids for $17,500.00 of bonds, and appellant was furnished a written statement that the estimated value of the property in the district was $1,100,000.00, but that the assessed value was $875,000.00. All bidders were required to deposit $350.00 as an evidence of good faith. Appellant, among other bidders, submitted the following written bid:

"St. Louis, Mo., March 20, 1912.

"Board of Trustees, Graded School District No. 1, Barbourville, Knox Co., Ky.

"Gentlemen:

"For the proposed issue of $17,500.00 bonds of Graded School District No. 1, of Barbourville, Kentucky, dated April 1, 1912, due twenty years from date and optional after ten years from date, bearing five per cent. (5%) interest payable semi-annually; principal and interest to be payable in Barbourville, Kentucky, we offer you on delivery of the bonds to us par $17,500.00, accrued interest from date of bonds to date of delivery and in addition thereto a premium of $90.00.

"We further agree as a part of this bid to furnish the bonds ready for signature of the proper officials free of charge.

"This bid is subject to the approval of the legality of the issue by our attorney; you to furnish us a complete certified transcript of the proceedings relating thereto.

"In accordance with your requirements, we enclose herewith certified check for $350.00. This check is to be promptly returned to us in case our bid is not accepted or in case our attorney fails to approve the legality of the issue, otherwise to be held by you uncashed until the bonds are ready for delivery and then to constitute a part payment on the purchase price, and, in any event, to be forfeited to the School District in case we fail to comply with the terms and provisions of this bid.

"Respectfully submitted,
"William R. Compton Bond & Mortgage Co.,
"By Thos. N. Dysart (Signed), Vice President."

When bids were opened appellant's bid was accepted by appellees, and the following endorsement made thereon:

"The foregoing bid has been accepted by proper resolution of the Board of Directors of the School District of Barbourville, Knox county, Kentucky, this 23rd day of March, 1912.

"Thos. D. Tinsley, President.
"Attest: J. D. Stanfill, Secretary."

On March 27, 1912, after having been notified that its bid had been accepted, appellant requested of appellees such data as it deemed necessary to show the legality of the issue of the bonds, including, among other

things, a certificate of the assessed valuations of the property in the district for the years 1909, 1910; and 1911. On April 24th appellee furnished the information requested except the assessed valuations. On April 29th, May 4th, and May 27th, appellant requested of appellees a certificate of the assessed valuations for these years. On June 10th attorneys for appellees sent to appellant the assessed valuations of property for these three years, and notified it that the assessed valuations of the property amounted to a less sum than $875,000.00, and that the district would not issue more than $16,700.00 of bonds. On June 20th appellant notified appellee that it would not accept the $16,700.00 of bonds, and requested the return of its certified check for $350.00 deposited with its bid to appellees. Appellees did not answer repeated demands for this certified check, but cashed it on June 14, 1912, and placed the proceeds to the credit of the school district. On June 18, 1913, appellant filed this suit in the Knox Circuit Court to recover of appellees the $350.00, alleging the two following reasons why it was justified in refusing to receive and pay for the bonds:

1. Because of the failure of appellees to furnish it with necessary data showing legality of the issue according to contract within a reasonable time, and (2) because the appellees had sold, and it had bought the definite amount of $17,500.00 of bonds, which amount could not be legally issued by appellees, and that it had not bid for, nor bought any lesser amount of bonds. These allegations being traversed by answer a jury was impanneled and proof offered.

The trial court submitted to the jury the first question whether or not appellees furnished appellant with all the required information within a reasonable time, but refused an instruction offered by appellant submitting the question that if appellant had bought only $17,500.00 of bonds, it could not be made to accept a lesser amount. The court also refused a peremptory instruction to find for the appellant. The jury found that appellees had furnished the required information within a reasonable time, and the court entered a judgment dismissing appellant's petition. Appellant's motion and ground for a new trial having been overruled, it appeals.

There is no claim that appellant made any other bid than its written bid copied herein, and it is admitted by appellees' witnesses that the first intimation appellant

ever had that any sum of bonds other than $17,500.00 would be issued or tendered to appellant under its bid, was contained in the letter of June 10, 1912, from appellees' attorneys, and that appellant within a few days after receipt of this information notified appellees it would not accept any less amount than the $17,500.00 contracted for. Unless appellant's bid is susceptible of the construction of offering to buy $17,500.00 worth of bonds, or any part thereof, the lower court clearly erred in refusing the requested peremptory instruction to find for appellant; and that said bid cannot be so construed is apparent from its terms. . It bids for the definite amount of $17,500.00 of bonds, no more and no less, and is conditioned upon the legality of an issue of the definite sum of $17,500.00 of bonds, no more and no less. Appellees could not legally, and did not attempt to carry out the contract according to its terms. The issue of the amount of bonds specified in the contract with appellant by appellees is admitted an impossibility under the law, and they were not entitled to a forfeiture of the $350.00 deposited with them by appellant. The contract failed because of appellees' inability to perform same according to its terms.

The question of the validity of the $16,700.00 of bonds which appellees proposed to issue after it was ascertained that they could not issue $17,500.00 is not involved in this litigation.

Upon the evidence in this case, the trial court should have instructed the jury to find for the appellant the sum of $350.00 with interest thereon from June 18, 1912, and its costs. Wherefore the appeal is granted, the judgment is reversed and the cause remanded for proceedings consistent herewith.